JORDAN B. PEEL
Nevada Bar No.
DAVID T. BLAKE
Nevada Bar No. 11059
**WOODBURY, MORRIS & BROWN**
701 N. Green Valley Parkway, Suite 110
Henderson, Nevada 89074
(702) 933-0777
Attorneys for Debtor/Defendant Rod Kershaw

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| IN RE:<br><br>   ROD KERSHAW,<br><br>      Debtor<br><br>SHARYL LEE,<br><br>      Plaintiff<br><br>vs.<br><br>ROD KERSHAW,<br><br>      Defendant | BK-S-10-15880-MKN<br><br>Adversary No: BK-S-10-01336-MKN<br><br>**MOTION TO DISMISS PLAINTIFF'S ADVERSARY COMPLAINT AND CONCURRENT MOTION FOR CONTEMPT SANCTIONS AGAINST PLAINTIFF FOR VIOLATING THE AUTOMATIC STAY PURSUANT TO 11 U.S.C. § 362(k)**<br><br>Hearing Date:<br>Hearing Time:<br>Estimated Time: |

Defendant Rod Kershaw submits this Motion to Dismiss Plaintiff's Adversary Complaint pursuant to Fed. R. Bankr. P. 7012 and Concurrent Motion for Contempt Sanctions Against Plaintiff for Violating the Automatic Stay Pursuant to 11 U.S.C. § 362(k). This Motion is made based upon the pleadings and papers on file herein, the points and authorities hereinafter set forth, and any oral argument that the Court may entertain at the hearing of this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   Introduction / Statement of Facts**

Plaintiff Sharyl Lee brings an Adversary Complaint (the "Complaint") against Defendant Rod Kershaw alleging causes of action for breach of contract, unjust enrichment, and fraud/misrepresentation. See Complaint, attached hereto as Exhibit "A." The complaint should be dismissed for the following reasons:

- the Complaint fails to identify a controversy that is cognizable by this court as an adversary proceeding;

- the Complaint was untimely; and

- the Complaint fails to present cognizable claims on which this Court could revoke the discharge or grant any other relief.

Furthermore, Lee repeatedly, brazenly, and flagrantly violated the automatic stay arising after Kershaw filed his Chapter 7 Petition. Lee admits in her Complaint that she violated the automatic stay by garnishing Kershaw's bank accounts. Furthermore, Lee made misrepresentations to the court about the status of the bankruptcy that were intentionally misleading, which caused the court to refuse to quash a bench warrant, on which authority Kershaw was **arrested and incarcerated for approximately 5 days**. Accordingly sanctions against Plaintiff and in favor of Defendant are in order.

The allegations in the Complaint are similar to allegations in Lee's small claims complaint, which Lee filed against Kershaw in Henderson Justice Court. See Affidavit of Complaint, attached hereto as Exhibit "B." In the Complaint, Lee alleges that Kershaw agreed to remit certain sums to her in a property management agreement and that he failed to do so. Exhibit A ¶¶ 4, 8, 9, 12-14, 20, 27-29. The Small claims complaint alleges, inter alia, that "Defendant owes the plaintiff. . .$4,494.50. . .for monies unpaid for vacation rental property at 2637 Pershing Circle, Henderson, NV, unauthorized additions (supplies), plumbing repairs (unauthorized) damages to property. . . ." Exhibit "B."

Larry and Sharyl Lee brought the small claims complaint against Kershaw's Limited Liability Partnership on July 3, 2009. Exhibit "B." Before obtaining a default against Kershaw, Lee never served Kershaw with a copy of the complaint. On August 19, 2009, Henderson Justice Court ordered that default judgment be entered against Kershaw. See court docket for case no. 09AH269, attached hereto as Exhibit "C." A writ of execution against Kershaw was issued on September 10, 2009. Id. A judgment debtor hearing was set for November 25, 2009. Id. Not having been served with the complaint or notice of the hearing, Mr. Kershaw did not appear at the hearing. Id. On March 2, 2010, Lee finally served Kershaw with notice of the small claims action. Id. Kershaw filed a bankruptcy petition on April 5, 2010. See Kershaw Bankruptcy Petition, attached hereto as

Exhibit "D." The automatic bankruptcy stay became effective as of this date. Kershaw listed the debt to Larry and Sharyl Lee on schedule F to his bankruptcy Petition. Exhibit "D." A meeting of the creditors was scheduled for May 14, 2010.

After Kershaw filed his bankruptcy petition, Lee flagrantly and blatantly violated the automatic stay. Kershaw filed a notice of Chapter 7 Bankruptcy Filing with Henderson Justice Court on April 8, 2010. That same day, in violation of the automatic stay, Henderson Justice Court, issued a bench warrant against Kershaw, presumably at Lee's instance and request. On June 21, 2010, court minutes indicate that Plaintiff appeared and sought to enforce claims against Kershaw, a direct violation of the Automatic Stay. Furthermore, Plaintiff misrepresented facts regarding the bankruptcy to the Henderson Justice Court. Court minutes indicate that Plaintiff represented that the "**bankruptcy was dismissed on Friday because no one showed up for court**." Exhibit C, minute entry dated 6/21/2010. Not only did this representation violate the automatic stay, it was patently false. Because of Plaintiff's misrepresentations and refusal to honor the automatic stay, the Henderson Justice Court **refused to quash the bench warrant against Kershaw**. This directly resulted in Kershaw's illegal arrest and incarceration. On or around July 6, 2010, in violation of the automatic stay, Kershaw was arrested under authority of the April 8, 2010 bench warrant and detained in jail (the Clark County Detention Center). **Kershaw remained in jail for approximately 5 days**.

Lee's violations of the automatic stay are not limited to advocating and advancing claims against Kershaw. Lee also sought to garnish Kershaw's bank accounts. On May 13, 2010, in violation of the automatic stay, Lee caused a writ of execution to issue against Kershaw. Exhibit "C," minute entry dated 5/13/2007. On May 25, 2010, in violation of the automatic stay, Lee caused the Henderson Constable to garnish $1,951.76 plus processing fees from Kershaw's bank accounts. See Bank of America Letters to Kershaw, attached hereto as Exhibit "E;" Exhibit A ¶ 26. The writ of execution against Kershaw was finally stayed by the Henderson Justice Court on June 21, 2010.

The Discharge of Debtor was ordered on August 3, 2010. Lee filed the instant Adversary Complaint over a month later, on September 7, 2010.

## II. Legal Standard On Motion to Dismiss

Fed. R. Bankr. P. 7008[1] states that Fed. R. Civ. P. 8[2] is applicable to adversary proceedings in bankruptcy cases. Under FRCP 8's pleading requirements, a court must accept as true the facts alleged in the complaint, but "a plaintiff must aver in his complaint sufficient factual matter. . .to state a claim to relief that is plausible on its face." al-Kidd v. Ashcroft, 580 F.3d 949 (9th Cir. 2009). Mere "legal conclusions" are not entitled to the assumption of truth. Ashcroft v. Iqbal, 129 S. Ct. 1937, 1950 (2009). Dismissal is appropriate where a plaintiff fails to state a claim supportable by a **cognizable legal theory**. Balisteri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

## III. Plaintiff's Complaint, Which Only Seeks Damages from Kershaw for his Pre-petition Conduct, Is Not a Proper Adversary Proceeding under Bankruptcy Rule 7001.

Rule 7001 identifies ten specific categories of controversies that may be raised in an adversary proceeding. A claim for damages from the debtor for the debtor's pre-petition conduct is not one of the permitted claims. See Dbl Liquidating Trust v. P.T. Tirtamas Majutama (In re Drexel Burnham Lambert Group, Inc.), 148 B.R. 993, 998 (S.D.N.Y. 1992) ("Bankruptcy rule 7001 sets out. . .specific categories of controversies that can and should be commenced as adversary proceedings. A claim for damages arising from pre-petition conduct is not one of those categories."); Dade County Sch. Dist. v. Johns-Manville Corp. (In re Johns-Manville Corp.), 53 B.R. 346, 352 (Bankr. ,N.Y. 1985) ("The list [of cognizable adversary proceedings in Rule 7001] does not include a category for the recovery of claims against the debtor.").

In the instant case, the Complaint asserts causes of action against Kershaw for breach of contract, unjust enrichment, and fraud/misrepresentation and seeks damages of $7,437.50. Exhibit A. On it's face, the Complaint only requests damages against Kershaw (Exhibit "A" 3:27-4:4) and seeks recovery only for Kershaw's pre-petition conduct (Id. ¶¶ 4-5, 9, 12-13, 20). Claims of these nature cannot be raised in an adversary proceeding, and therefore, the Complaint is not supported

---

[1] The Federal Rules of Bankruptcy Procedure are hereinafter referred to and cited to using the short form "Rule" followed by the rule number, e.g. "Rule 7001."

[2] The Federal Rules of Civil Procedure are referred to and cited to using the short form "FRCP" followed by the rule number, e.g. "FRCP 12."

WOODBURY, MORRIS & BROWN
701 N. Green Valley Parkway, Suite 110
Henderson, Nevada 89074
(702) 933-0777 ♦ Fax (702) 933-0778

by a cognizable legal theory. For this reason, the Complaint should be dismissed.

**IV.    Even Assuming the Complaint Identified an Appropriate Controversy for an Adversary Proceeding, it Should Be Dismissed Because (a) the Complaint Was Not Timely Filed and (b) the Complaint Fails to State a Legally Sufficient Basis to Revoke the Discharge.**

**A.    Lee's Complaint Was Not Timely Filed**

As noted above, the Complaint does not specifically object to the discharge of any debt listed in Kershaw's Chapter 7 Petition. However, even if it did object to discharge, the Complaint is untimely. Under Rule 4004, a complaint objecting to discharge under § 727(a) of the Code must be filed "no later than 60 days after the first date set for the meeting of creditors under § 341(a)." Similarly, under Rule 4007, an objection to Discharge under § 523(c) must also be filed within 60 days after the first date of the meeting of creditors is set. Rule 4007(c). The 60-day period is significant because the order granting discharge can only issue after "expiration of the time fixed for filing a complaint objecting to discharge. . . ." Rule 4004(c)(1). The discharge order cannot issue if "a complaint objecting to discharge has been filed." Rule 4004(c)(1)(B)..

Here, the first meeting of creditors was set for May 14, 2010. The deadline for filing a complaint objecting to discharge of the debt was July 14, 2010. **The discharge was ordered on August 3, 2010**. Lee didn't file her Complaint until September 7, 2010, nearly two months after the deadline and more than a month after the discharge had already been ordered. The Complaint is untimely and should be dismissed.

**B.    The Complaint Fails to Allege Facts that would Warrant Revocation of the Discharge**.

*(1)    The Unjust Enrichment and Breach of Contract Claims Do Not Present a Cognizable Basis to Revoke the Discharge.*

The Complaint's first two claims for relief are for Unjust Enrichment and Breach of Contract. Lee previously alleged these causes of action against Kershaw in a small claims action in Henderson Justice Court in which Lee obtained a judgment (by default) against Kershaw. Exhibit "C." Lee does not (nor could she) provide authority that would permit these claims to revoke the discharge that has been ordered in this case. In fact, because Lee already obtained a judgment on these claims (Exhibit A ¶ 24) and Kershaw listed the debt in Schedule F to his Chapter

Page 5 of  8

7 petition (Exhibit D), any liability to Lee will be resolved through the bankruptcy trustee's disposition of the bankruptcy estate as provided for in 11 U.S.C. § 726. An adversary proceeding regarding these claims for relief is not cognizable by this Court and the Complaint's first and second claims for relief should be dismissed.

> *(2) Lee's Fraud/Misrepresentation Claim are No sufficiently Specific And Do Not Present a Cognizable Basis to Revoke the Discharge.*

Rule 7009 states that FRCP 9 is applicable to bankruptcy adversary proceedings. FRCP 9 states that "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."

Here, the only allegations in the misrepresentation claim that could be construed as alleging fraudulent conduct do not do so with the requisite specificity. The Complaint alleges that "Defendant fraudulently filed for bankruptcy protection. . ." (¶ 17) and that "Defendant deliberately mislead and defrauded Plaintiff from monies due and owing her" (¶18). These allegation are flatly conclusory and fail to detail how or why the bankruptcy petition was fraudulent or how or why Lee was "defrauded." They are not specific enough to sustain a cause of action for misrepresentation.

The remaining allegations of Lee's claim for misrepresentation do not allege any fraudulent conduct by Kershaw. The Complaint alleges that (i) Kershaw failed to pay Lee money she alleges was due and owing (¶ 19), (ii) Lee obtained a judgment against Kershaw (¶ 20, 24), (iii) Kershaw filed for bankruptcy to avoid having to face Lee in court (¶ 22), (iv) Kershaw missed several meetings of creditors (¶ 22), and (v) that Kershaw failed to appear at an April 6, 2010 judgment debtor's exam. The conduct the complaint describes cannot be construed as fraudulent or misleading.[3] Viewing the fraud claim in it's entirety, the underlying wrong Lee complains of is the fact that Kershaw filed a bankruptcy petition to discharge debt allegedly owed to her. As a matter of law, assuming the truth of this allegation, the fraud claim cannot prevail. Kershaw committed no fraud by filing a bankruptcy petition and the Complaint fails to specifically allege any other

---

[3] ¶ 25 of the Complaint alleges that "another Defendant [sic], Barbara" represented to Lee that Kershaw's social security number was Barbara's. Assuming this allegation is true, it would not create a cause of action for fraud against Kershaw because Barbara, not Kershaw, misrepresented her social security number.

Page 6 of 8

fraudulent conduct that would justify revocation of the discharge. The third claim for relief must be dismissed.

**V.     Lee Violated the Automatic Stay by Causing Kershaw's Arrest and 5-day Incarceration and by Garnishing His Bank Account**.

Under 11 U.S.C. § 362, an automatic stay arose when Kershaw filed his Chapter 7 Petition, which stayed:

> (1) the. . .continuation, including the issuance or employment of process, of a judicial, administrative, or other action or proceeding against the debtor that was or could have been commenced before the commencement of the case under this title, or to recover a claim against the debtor that arose before the commencement of the case under this title;
>
> (2) the enforcement, against the debtor or against property of the estate, of a judgment obtained before the commencement of the case under this title;

and

> (3) any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate;

11 U.S.C. § 362 (a)(1), (2), and (3). "The scope of protections embodied in the automatic stay is quite broad, and serves as one of the most important protections in bankruptcy" Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1214 (9th Cir. 2002).

11 U.S.C. § 362 provides that willful violation of the automatic stay may be penalized by actual damages, attorney's fees, and punitive damages. See 11 U.S.C. § 362 (k)(1). "A willful violation is satisfied if a party knew of the automatic stay, and its actions in violation of the stay were intentional." Eskanos & Adler, P.C. v. Leetien, 309 F.3d 1210, 1215 (9th Cir. 2002). Knowledge of the automatic stay arises where a party has knowledge of the bankruptcy petition. See Sculky v. Internal Revenue Serv. (In re Sculky), 182 B.R. 706, 708 (Bankr. E.D. Pa. 1995) ("A willful violation of the stay occurs when a creditor has adequate notice of the bankruptcy and intentionally commits an act that violates the stay.")

As described above, Lee blatantly violated these automatic stay provisions in each of the ways described above. Lee clearly had knowledge of the Stay because she appeared at the May 14, 2010 meeting of the creditors. See Exhibit A ¶ 22. After the first meeting of the creditors, Lee violated the stay by (i) actively advocating in favor of her debt collection action against Kershaw

in court, (ii) seeking to enforce a judgment against Kershaw by seeking to have him to appear for a judgment debtor's exam, (iii) seeking to coerce Kershaw's compliance with her debt collection efforts through a 5-day incarceration period, and (iv) seeking to obtain Kershaw's property through writs of execution and garnishment.

For these willful violations of the stay, sanctions in the form of damages and attorney's fees is in order. Kershaw spent 5 days in jail as a result of Lee's intentional violation of the Stay. $1,000 of false imprisonment damages per day ($5,000) is more than reasonable for this time Kershaw spent unjustly incarcerated. Furthermore an award of $2,000 of attorney's fees is appropriate for the cost of hiring attorneys to remove him from incarceration and to stay enforcement of the writ of execution and seek return of the money garnished from Kershaw's bank accounts. It should be noted that Lee affirmatively opposed these efforts. An additional award of $1,000 for having to file the instant motion for sanctions is also appropriate.

Lee's violation of the automatic stay even more egregious given Lee's misrepresentation to the Henderson Justice Court that the Bankruptcy proceeding had been dismissed, which directly resulted in the court refusing to quash the warrant against Kershaw. For this misrepresentation, an additional punitive sanction of $500 per day for each of the 5 days Kershaw spent in jail is also appropriate ($2,500). All totaled, Kershaw requests an award of $5,000 of damages, $3,000 of attorney's fees and $2,500 of punitive damages for a total sanction of $10,500 against Lee.

## CONCLUSION

Wherefore, Defendant Kershaw respectfully requests that Plaintiff Lee's Adversary Complaint be dismissed in its entirety with prejudice and that Kershaw be awarded sanctions of $10,500 against Lee for her deliberate and continual violation of the automatic stay pursuant to 11 U.S.C. § 362(k).

Dated October 7, 2010                    WOODBURY, MORRIS & BROWN

/s/ David T. Blake
_____
DAVID T. BLAKE
Nevada Bar No. 11059
701 N. Green Valley Parkway, Suite 110
Henderson, Nevada 89074
(702) 933-0777